UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KENNETH BURGESS, )
    *Plaintiff*, )
)
    *vs.* )    1:09-cv-0944-JMS-MJD
)
CITY OF CONNERSVILLE, INDIANA, MAYOR )
LEONARD URBAN, CHIEF OF POLICE DAVID )
COUNSELLER, and FIRE CHIEF RICK FREE, )
    *Defendants.* )

## **ORDER**

Plaintiff Kenneth Burgess, who uses a wheelchair, was a regular attendee at the Connersville City Council meetings. In March 2008, city officials designated a special seating area for wheelchair users at the meetings. At the council meeting on March 17, 2008, Mr. Burgess protested the special seating, and a struggle between him and the Connersville Police Chief ensued. Mr. Burgess has brought state tort and federal civil rights claims against Connersville, its mayor, and its police and fire chiefs. Presently before the Court is Defendants' motion for summary judgment. [Dkt. 29.] Defendants seek summary judgment against Mr. Burgess on both his federal and state law claims.

### I.
#### BACKGROUND

Mr. Burgess regularly attends Connersville City Council meetings. [Dkt. 30-1 at ¶2.] According to the City, prior to the March 17, 2008 meeting of the City Council, Mr. Burgess would typically position his wheelchair in the doorway of the City Council chambers. [Dkt. 30-1 at ¶3; dkt. 30-2 at ¶4; dkt. 30-3 at ¶5.] Mr. Burgess does not dispute that he usually positioned his wheelchair in the doorway or that his wheelchair often extended approximately six to eight

inches into the City Council chambers. [Dkt. 33-1 at 6.] However, Mr. Burgess contends that he never "obstructed" the doorway of the City Council chambers. [Dkt. 32-3.]

On March 17, 2008, before the anticipated start of the City Council meeting, Fire Chief Rick Free (the "Fire Chief") asked Mr. Burgess to relocate to an area that had been designated for handicap use. [Dkt. 30-2 at ¶2; dkt. 30-3 at ¶10.] Mr. Burgess did not wish to move and, according to the Fire Chief and Chief of Police David Counseller (the "Chief of Police"), Mr. Burgess loudly voiced, with profanity, his displeasure with the situation. [Dkt. 30-2 at ¶¶ 7-8; dkt. 30-3 at ¶ 12.] Mr. Burgess does not dispute "talking loudly," but maintains that he never used profanity in the City Council chambers. [Dkt. 33-4 at 21.]

When given a choice between either sitting in the designated area or leaving the City Council meeting, Mr. Burgess initially chose the latter option. [Dkt. 30-2 at ¶7.] However, as he was wheeling out of the building, Mr. Burgess changed his mind and turned back toward the City Council chamber. [Dkt. 30-2 at ¶¶ 8-9.] According to Mr. Burgess, at that point, the Chief of Police grabbed Mr. Burgess' wheelchair, turned it around, and began wheeling Mr. Burgess to the exit door. [Dkt. 33-4 at 22.] Mr. Burgess said, "I'm not going to put up with this shit," and the Chief of Police immediately let go of Mr. Burgess' wheelchair. *Id.* The Chief of Police told Mr. Burgess that he could either sit in the designated area, leave the meeting, or go to jail. *Id.* Mr. Burgess thought for a moment before gesturing at the Chief of Police with both middle fingers extended. [Dkt. 33-4 at 23.]

The Chief of Police again started wheeling Mr. Burgess to the exit door. [Dkt. 33-4 at 24.] This time, Mr. Burgess attempted to resist by holding the wheels on his chair. *Id.* The Chief of Police kept wheeling Mr. Burgess until Mr. Burgess' chair ran against the exit door's threshold and he fell out of his chair. [Dkt. 33-4 at 25.] The Chief of Police grabbed Mr. Bur-

gess' arm and told him to get up off of the floor. [Dkt. 33-4 at 26.] After Mr. Burgess maneuvered back into his wheelchair, the Chief of Police told him to leave, and Mr. Burgess complied. *Id.*

## II.
### SUMMARY JUDGMENT STANDARD

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence would—as a matter of law—conclude in the moving party's favor and is thus unnecessary. *See* Fed. R. Civ. Pro. 56(c). When evaluating a motion for summary judgment, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial...against the moving party." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). Nevertheless, "the Court's favor toward the non-moving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). The non-moving party must set forth specific facts showing that there is a material issue for trial. Fed. R. Civ. Pro. 56(e); *Celotex*, 477 U.S. at 323. The key inquiry is the existence of evidence to support a plaintiff's claims or defendants' affirmative defenses, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999).

## III.
### DISCUSSION

**A. Plaintiff's Official Capacity Claims.**

Defendants argue that Mr. Burgess' federal claims against the individually named Defendants in their official capacities are redundant because claims against individual officers in their official capacities are treated as if Mr. Burgess had only sued the City of Connersville (the

"City"). *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). Mr. Burgess does not and cannot contest that all of his claims were only brought against the defendants in their official capacities. [Dkt. 1 at 2 ¶IV 2 ("With respect to actions described in this complaint taken by the Defendants, Leonard Urban, David Counseller and Rick Free, those Defendants were acting in their official capacity as mayor, chief of police and fire chief of the city of Connersville, Indiana."] Accordingly, the Court finds that Mr. Burgess' federal claims against the individual Defendants in their official capacity are redundant of his claims against the City of Connersville, and all federal claims must be treated as claims against the City.

### B. The City's Seating Arrangement

Under *Monell v. N.Y. Dept. of Soc. Servs.*, the City cannot be liable for the acts of its officers under a theory of respondeat superior. 436 U.S. 658, 694-95 (1978). Rather, in order to survive summary judgment on his federal claims, Mr. Burgess is required to designate evidence demonstrating that the City violated his constitutional rights through: 1) an express municipal policy; 2) a widespread practice constituting custom or usage; or 3) a constitutional injury caused or ratified by a person with final policymaking authority. *Simmons v. Chicago Bd. of Educ.*, 289 F.3d 488, 494 (7th Cir. 2002).

With respect to the City's seating arrangement, Mr. Burgess' First Amendment claims are clearly based on an express policy. In other words, there is no dispute that the City designated an area for wheelchair seating at the meeting. [Dkt. 30-1 at ¶¶ 4-6.]

"The first step in analyzing a § 1983 claim is to identify the specific constitutional right allegedly infringed." *Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994). Mr. Burgess asserts that his "primary federal claim is that defendants denied him access to the March 17, 2008 meeting of the City Council for the City of Connersville, Indiana in derog[a]tion of rights

guaranteed to him by the First Amendment." [Dkt. 32 at 7.] He also submits that his First Amendment rights were violated by the seating arrangement the City orchestrated in anticipation of the March 17, 2008 City Council meeting. The City argues that its seating arrangement did not impede Mr. Burgess' freedom of speech and assembly but fails to address the undisputed fact that Mr. Burgess was not permitted to attend the March 17, 2008 City Council meeting. The Court will address each component of Mr. Burgess' First Amendment claim in turn. *See Hurley v. Irish-American Gay, Lesbian & Bisexual Group of Boston*, 515 U.S. 557, 567 (1995) ("[T]he reaches of the First Amendment are ultimately defined by the facts it is held to embrace[.]").

"The First Amendment . . . protects the right to be free from government abridgment of speech[,]" *Ysura v. Pocatello Educ. Ass'n*, --- U.S. ----, 129 S.Ct. 1093, 1098 (2009), as well as the "right to associate for the purpose of speaking," *Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*, 547 U.S. 47, 68 (2006). Mr. Burgess has not cited any authority or designated any evidence demonstrating how his rights were stifled by the City's seating arrangement. Accordingly, the Court concludes that the City's seating arrangement, in and of itself, did not violate Mr. Burgess' First Amendment rights.

**B. First Amendment Claim for Retaliation**

To the extent Mr. Burgess contends that the City's seating arrangement was a form of retaliation against him for exercising his First Amendment rights, Mr. Burgess has stated an independently cognizable First Amendment claim. *See Babcock v. White*, 102 F.3d 267, 276 (7th Cir. 1996) ("[R]etaliation against constitutionally protected conduct is actionable regardless of whether the defendant's actions independently violate the constitution."). According to Mr. Burgess, the Chief of Police told him "we're tired of your attitude and your outburts[;] . . . the [F]ire [C]hief . . . told [Mr. Burgess] that [he] was to sit in a certain area and [Mr. Burgess] had

to do that." [Dkt. 33-4 at 20.] In addition, Mr. Burgess provides photographs of another individual standing in the doorway that Mr. Burgess typically positioned his wheelchair in during Connersville City Council meetings. [Dkt. 33-1 at 7-8.] According to Mr. Burgess, this individual was not asked to move at any time during the depicted City Council meeting. *Id.* Lastly, Mr. Burgess claims that he had viewed City Council meetings from the same place for ten to twelve years prior to the meeting at which he was first asked to move to a designated area. [Dkt. 33-4 at 13, 18; dkt. 33-1 at 6.] Mr. Burgess argues that all these facts support the inference that the City retaliated against him for exercising his First Amendment rights.

A § 1983 retaliation claim requires first that the plaintiff's speech be constitutionally protected. *Roger Whitmore's Auto. Servs., Inc. v. Lake Cy., Ill.*, 424 F.3d 659, 668 (7th Cir. 2005). Here, Mr. Burgess fails to identify any specific expression that he made at a Connersville City Council meeting prior to March 17, 2008. Accordingly, his claim fails at the first requirement.

Assuming that Mr. Burgess had identified a protected expression, his claim would still fail under the second prong of the retaliation analysis. *Id.* at 669 (The plaintiff "must present an indication of a causal link between the protected act and the alleged retaliation – that the act was a substantial or motivating factor in the retaliation."). Mr. Burgess provides nothing more than conjecture that the City's seating arrangement was motivated by Mr. Burgess' unidentified exercise of his First Amendment rights.

Mr. Burgess' speculation is similar to the conjecture the Seventh Circuit rejected in *Roger*, where the plaintiff, a towing operator, supported a non-incumbent candidate for sheriff in a primary election and, the year after the incumbent candidate won reelection, the plaintiff's towing boundary changed. *Id.* at 663-66. The Seventh Circuit affirmed the district court's grant of summary judgment, declining to allow a jury to decide whether to accept the plaintiff's inferen-

tial leap that his towing boundary was changed in retaliation for supporting the non-incumbent candidate in the primary election. *See id.* at 669-70 (noting plaintiff's "evidence" that incumbent was upset over plaintiff's lack of support in the primary election).

Similarly, in this case, Mr. Burgess points to his (unidentified) expression and the subsequent change in the City's seating arrangement and asks the Court to allow a jury to conclude that the latter was caused by the former. However, even assuming the Chief of Police told Mr. Burgess that "we're tired of your attitude and your outbursts," there is no evidence that the City's seating arrangement—which the Court has already concluded does not violate the First Amendment—was in retaliation against Mr. Burgess. *See id.* at 669 (holding that a plaintiff's "bare speculation or a scintilla of evidence" is insufficient to defeat summary judgment). Accordingly, there are no genuine issues of material fact precluding summary judgment on Mr. Burgess' claim that the City's seating arrangement somehow violated his First Amendment rights.

### C. Mr. Burgess' Exclusion From the March 17, 2008 City Council Meeting

As recognized at the outset of this order, Mr. Burgess initiated this suit against the named Defendants in their official capacities. As such, Mr. Burgess' federal claims are treated as if he sued only the City. *Pourghoraishi*, 449 F.3d at 765. With respect to Mr. Burgess' exclusion from the March 17, 2008 Connersville City Council meeting, there is no evidence that Mr. Burgess' claims are based on anything other than independent actions taken by the Chief of Police in response to a rapidly developing situation with Mr. Burgess. Stated otherwise, Mr. Burgess has failed to introduce the evidence required by *Monell* establishing that the City dictated the actions taken by the Chief of Police. Accordingly, Mr. Burgess' First and Fourth Amendment claims for

being excluded from the March 17, 2008 City Council Meeting fail because the City is not liable for the independent actions of the Chief of Police.[1] *Monell*, 436 U.S. at 694-95.

### D. Mr. Burgess' Remaining State Law Claims

As the City recognizes, when the federal claims in a case drop out before trial, the Court may decline to exercise supplemental jurisdiction over the state law claims. [Dkt. 40 at 10.] In fact, the presumption is that the Court will relinquish jurisdiction over the state law claims. *Leister v. Dovetail*, Inc., 546 F.3d 875, 882 (7th Cir. 2008). To decide whether to exercise jurisdiction, the Court considers the factors of judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Leister*, 546 F.3d at 882 (citing *Carnegie-Mellon*).

Mr. Burgess' remaining state law claims require application of the Indiana Tort Claims Act to determine whether the individually-named defendants or the City are liable to Mr. Burgess for his state claims. [Dkt. 31 at 22.] State court is the proper venue for Mr. Burgess to pursue these claims. There is no reason why this Court should not follow the presumption and relinquish jurisdiction over Mr. Burgess' remaining state law claims. Should he chose to refile, the parties can resume the case from its current status and be prepared for trial in short order. For these reasons, the Court declines to exercise jurisdiction over Mr. Burgess' remaining state law claims and dismisses those claims without prejudice to file them in state court, should Mr. Burgess choose to do so.[2]

---

[1] Because the Court has determined that Mr. Burgess' federal claims against the City fail, summary judgment is appropriate on Mr. Burgess' federal civil conspiracy claim as well. *See Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982) ("Section 1983 does not . . . punish conspiracy; an actual denial of a civil right is necessary before a cause of action arises.").

[2] 28 U.S.C. § 1367(d) provides that the statute of limitations on Mr. Burgess' state law claims tolled while his claim was pending before this Court and continues to toll for 30 days following this Order, unless Indiana law provides for a longer tolling period.

## IV.
### CONCLUSION

For the reasons detailed herein, the City's Motion for Summary Judgment, [dkt. 29], is **GRANTED IN PART** regarding Mr. Burgess' federal claims. The Court declines to exercise jurisdiction over Mr. Burgess' remaining state law claims and hereby dismisses those claims without prejudice for Mr. Burgess to file them in state court should he choose to do so.

01/20/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Michael J. Tosick
michaeltos@sprintmail.com

Jon David Baker
BAKER & BODWELL PC
smchenry@verizon.net

Kyle A. Jones
NORRIS CHOPLIN & SCHROEDER LLP
kjones@ncs-law.com